IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELVA RODRIGUEZ,

       Plaintiff,

  v.

JOHN MUIR MEDICAL CENTER,

       Defendant.
                                /

No. C 09-0731 CW

ORDER GRANTING
DEFENDANT'S MOTION
TO DISMISS IN PART
(Docket No. 20)

    Plaintiff Elva Rodriguez alleges that she faced discrimination and harassment based on her national origin and disability as an employee of Defendant John Muir Health, erroneously sued as John Muir Medical Center. Defendant moves to dismiss Plaintiff's claims based on her disability. Plaintiff opposes the motion. The motion was taken under submission on the papers. Having considered all the papers submitted by the parties, the Court GRANTS Defendant's motion.

BACKGROUND

    The following allegations are contained in Plaintiff's First Amended Complaint (FAC).

    Plaintiff began working for Defendant in February, 1989. Throughout her employment with Defendant, she was harassed on the basis of her national origin. Beginning around 2000, the harassment became severe and she faced "inappropriate sexual and ethnic comments." FAC ¶ 3. Although she complained to her supervisors, they did not take steps to end the harassment.

Because of her national origin and her complaints, Defendant gave her negative performance evaluations, imposed "unique rules regarding workplace conduct," required her to apologize for actions she did not commit and refused her requests to transfer to another unit of the hospital. FAC ¶ 6.

Defendant also discriminated against and harassed Plaintiff based on her "disability involving her back which required reasonable accommodation." FAC ¶ 7. Defendant required her to perform tasks that violated her medical restrictions, exacerbating her disability and causing her "to be placed on disability leave." FAC ¶ 9. Defendant then harassed and retaliated against Plaintiff because she "missed work by reason of her disability and/or by reason of the emotional distress caused by" the hostile work environment. FAC ¶ 9.

Beginning on March 11, 2008, Plaintiff took a medical leave of absence because of mental stress.

On November 14, 2008, Plaintiff filed a charge of discrimination with the federal Equal Employment Opportunity Commission (EEOC) and the California Department of Fair Employment and Housing (DFEH). Her administrative complaint contained allegations similar to those discussed above. In addition, she asserted that Defendant sent her a letter stating that it would terminate her employment if she did not return to work by December 10, 2008. Defendant terminated Plaintiff's employment on December 10, 2008.

On January 12, 2009, Plaintiff filed a second charge with the EEOC and the DFEH, asserting that the termination was based on her disability, national origin and complaints of harassment.

2

1 Plaintiff received right-to-sue letters based on both of her
2 charges.

3 Plaintiff asserts thirteen causes of action under federal and
4 state law.  She claims that Defendant violated Title VII of the
5 Civil Rights Act of 1964 by discriminating, harassing and
6 retaliating against her.  She also asserts causes of action under
7 the Americans with Disabilities Act (ADA) for discrimination,
8 harassment, failure to provide a reasonable accommodation and
9 retaliation.  Finally, she brings claims under California law for
10 discrimination, harassment, retaliation, failure to provide
11 reasonable accommodations, failure to prevent discrimination and
12 harassment, and termination in violation of public policy.

## LEGAL STANDARD

14 A complaint must contain a "short and plain statement of the
15 claim showing that the pleader is entitled to relief."  Fed. R.
16 Civ. P. 8(a).  Dismissal under Rule 12(b)(6) for failure to state a
17 claim is appropriate only when the complaint does not give the
18 defendant fair notice of a legally cognizable claim and the grounds
19 on which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555
20 (2007).  In considering whether the complaint is sufficient to
21 state a claim, the court will take all material allegations as true
22 and construe them in the light most favorable to the plaintiff.  NL
23 Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).
24 However, this principle is inapplicable to legal conclusions;
25 "threadbare recitals of the elements of a cause of action,
26 supported by mere conclusory statements," are not taken as true.
27 Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009)
28 (citing Twombly, 550 U.S. at 555).

3

DISCUSSION

I.   ADA Claims

   A.   Discrimination

Defendant asserts that Plaintiff's discrimination claim under the ADA fails because she does not plead that she has a cognizable disability or that she was a qualified individual who could perform the essential functions of her job.

To recover for discrimination under the ADA, "an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a 'qualified individual with a disability,' and (3) discriminated against 'because of' the disability." Bates v. United Parcel Serv., 511 F.3d 974, 988 (9th Cir. 2007) (quoting Nunes v. Wal-Mart Stores, 164 F.3d 1243, 1246 (9th Cir. 1999)).  "A 'disabled' employee under the ADA is one who: (1) has a 'physical or mental impairment that substantially limits one or more of the major life activities of such individual'; (2) has a 'record of such an impairment'; or (3) is 'regarded as having such an impairment.'" Thornton v. McClatchy Newspapers, 261 F.3d 789, 794 (9th Cir. 2001) (quoting 42 U.S.C. § 12102(2)).  To determine whether an impairment substantially limits an individual, a court considers "the nature, severity, duration, and impact of the impairment." Fraser v. Goodale, 342 F.3d 1032, 1038 (9th Cir. 2003) (citing 29 C.F.R. § 1630.2(j)(2)(i)-(iii)).  "Whether a person is disabled under the ADA is an 'individualized inquiry.'" Thornton, 261 F.3d at 794 (quoting Sutton v. United Air Lines, Inc., 527 U.S. 471, 483 (1999)).

Plaintiff pleads that she "had a disability involving her back which required reasonable accommodation" and asserts that it

4

"impacted major life activities such as lifting." FAC ¶ 8. Although lifting is a major life activity recognized under the ADA, 42 U.S.C. § 12102(1)(A), Plaintiff has not alleged facts that suggest that she is substantially impaired by her purported disability. Her allegations do not illuminate the nature, severity, duration and impact of her disability. Plaintiff asserts that Defendant required her to perform tasks that violated her medical restrictions, but she does not plead the nature of these limitations. She also states that she took medical leave beginning on March 11, 2008, but she avers that this was "because of mental stress" and "was prolonged because of job-related carpal tunnel syndrome," FAC ¶ 12; these allegations do not address Plaintiff's disability related to her back.

Even if Plaintiff plead a cognizable disability, as Defendant correctly argues, she does not allege that she was a qualified individual. A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Plaintiff did not address this argument in her opposition.

Accordingly, the Court dismisses Plaintiff's discrimination claim under the ADA with leave to amend. Plaintiff must allege facts explaining her claim that she had a disability that substantially impaired a major life activity and that she was a qualified individual.

B.   Harassment

Plaintiff's harassment claim under the ADA fails because she has not alleged a cognizable disability. However, even if she had,

5

Defendant argues that she has not alleged facts to support her ADA harassment claim.

The Ninth Circuit has not determined whether a plaintiff can maintain a hostile work environment claim under the ADA.[1] See Brown v. City of Tuscon, 336 F.3d 1181, 1190 (9th Cir. 2003) (declining to decide the issue); see also Keller-McIntyre v. S.F. State Univ., 2007 WL 776126, at *13 (N.D. Cal.). However, other circuits have addressed this issue. "To succeed on a claim of disability-based harassment, the plaintiff must prove: (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment complained of was based on her disability or disabilities; (4) that the harassment complained of affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt, remedial action." Flowers v. S. Reg'l Physician Servs., Inc., 247 F.3d 229, 232 (5th Cir. 2001); see also Keller-McIntyre, 2007 WL 776126, at *13 (citing Flowers).

Even if the Ninth Circuit recognizes harassment claims under the ADA, Plaintiff has not alleged facts to show that Defendant knew of or should have known of the disability-based harassment.[2] Plaintiff asserts that she complained to her supervisors about discrimination based on her national origin, but she does not

---

[1] Defendant interprets Plaintiff to bring a hostile work environment claim. Plaintiff does not argue otherwise.

[2] Defendant also argues that Plaintiff has not alleged that the harassment complained of affected her a term, condition or privilege of her employment. However, Plaintiff alleges that she was "terminated by Defendant because of her disabilities . . . ." FAC ¶ 14.

6

allege the same about her disability.  Instead, Plaintiff avers that she "complained of the said harassment and discrimination," FAC ¶ 10, but, because she does not plead to whom she complained, this allegation does not support her claim that Defendant had knowledge.  Plaintiff argues that Defendant knew of the harassment because it required her to violate her purported medical restrictions.  However, Plaintiff pleads no facts to show that Defendant knew of the restrictions.  And even if Defendant knew, this would not support an inference that it was equally aware of the alleged harassment.

Accordingly, the Court dismisses Plaintiff's disability-based harassment claim with leave to amend.  In addition to pleading a cognizable disability, Plaintiff must truthfully allege facts to support her claim that Defendant knew of, and failed to prevent, disability-based harassment.

C.   Reasonable Accommodation

Under the ADA, a defendant's "failure to provide reasonable accommodation to 'an otherwise qualified individual with a disability' constitutes discrimination."  Kaplan v. City of Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003) (quoting 42 U.S.C. § 12112(b)(5)(A)).  A "reasonable accommodation" includes:

> (A) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and
>
> (B) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

42 U.S.C. § 12111(9).

7

Plaintiff does not state a claim based on Defendant's alleged failure to provide a reasonable accommodation. For the reasons stated above, she has not plead a cognizable disability or that she was a qualified individual. Furthermore, Plaintiff does not allege that she requested and Defendant denied her a reasonable accommodation. Accordingly, her failure-to-accommodate claim under the ADA is dismissed with leave to amend.

II.  State FEHA Claims

    A.  Discrimination

A prima facie claim for disability discrimination under the FEHA requires a plaintiff to show "(1) he suffers from a disability, (2) he is otherwise qualified to do his job, (3) he suffered an adverse employment action, and (4) the employer harbored discriminatory intent." Avila v. Continental Airlines, Inc., 165 Cal. App. 4th 1237, 1246 (2008). "'An adverse employment decision cannot be made 'because of' a disability, when the disability is not known to the employer.'" Id. (quoting Brundage v. Hahn, 57 Cal. App. 4th 228, 236 (1997)).

Unlike the ADA, the FEHA does not require that a disability substantially limit a plaintiff's major life activity. See Cal. Gov. Code § 12926.1(c).

> [T]he Legislature has determined that the definitions of "physical disability" and "mental disability" under the law of this state require a "limitation" upon a major life activity, but do not require, as does the Americans with Disabilities Act of 1990, a "substantial limitation." This distinction is intended to result in broader coverage under the law of this state than under that federal act.

Id.

Plaintiff pleads sufficient facts in support of her claim that

8

she had a disability involving her back. She states that the disability impacted her ability to lift, which suffices under California's relaxed standard.

Nevertheless, Plaintiff's state law discrimination claim fails because she has not alleged that she was a qualified individual or that Defendant knew of her disability. As stated above, Plaintiff does not allege facts to show that Defendant knew of her medical restrictions or the alleged disability-based harassment.

Accordingly, Plaintiff's state law discrimination claim based on her disability is dismissed with leave to amend. Plaintiff must allege facts to show that she was a qualified individual and that Defendant knew of her disability and that she was being harassed because of it.

B. Reasonable Accommodations

Under California law, the "elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." Scotch v. Art Inst. of Cal.-Orange County, Inc., 173 Cal. App. 4th 986, 1009-10 (2009). A "reasonable accommodation" includes:

> (1) Making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities.
>
> (2) Job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

Cal. Gov. Code § 12926(n).

For reasons similar to those above, Plaintiff's failure-to-accommodate claim under state law is dismissed with leave to amend. Plaintiff must allege facts to show that she was a qualified individual and that Defendant did not reasonably accommodate her disability.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss.  (Docket No. 20.)  Plaintiff's ADA claims for discrimination (claim three), harassment (claim four) and failure to provide a reasonable accommodation (claim five) and her claims under state law for discrimination (claim eight) and failure to provide a reasonable accommodation (claim eleven) are dismissed with leave to amend to cure the deficiencies discussed above. Plaintiff may file an amended complaint within fourteen days from the date of this order.  If Plaintiff does so, Defendant may file a motion to dismiss three weeks thereafter, with Plaintiff's opposition due two weeks following and Defendant's reply due one week after that.  Defendant's motion, if one is filed, shall be taken under submission on the papers.

A further case management conference is scheduled for May 13, 2010 at 2:00 p.m.

IT IS SO ORDERED.

Dated: March 18, 2010

CLAUDIA WILKEN
United States District Judge